IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DONALD LEE JOLLEY, JR.                                                                PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:11CV481-LRA

GEO GROUP AND CHRISTOPHER EPPS                         DEFENDANTS

## ORDER DISMISSING CHRISTOPHER EPPS

Defendant Christopher Epps, Commissioner of the Mississippi Department of Corrections, filed a Motion to Dismiss pursuant to Rule 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion or otherwise objected to the relief requested. This motion is now before the Court.

### I. Facts and Procedural History

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff was incarcerated in the custody of the Mississippi Department of Corrections ("MDOC") in the East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi, during the pertinent period. He is now living at 124 Miller Street, Marion, Arkansas.

Plaintiff contends that Defendant prison officials at EMCF failed to provide him with adequate medical care, failed to provide him with an adequate diet, failed to provide him with adequate clothing, and opened his legal mail outside his presence. He also charges that other jail conditions were inadequate, in that he was not provided with necessary toiletries and that he was not sent to a specialist even though he was referred. It took him over seven months to get a tooth pulled, and he suffered from the pain for that

period.  However, Plaintiff's only allegation against Defendant Epps is that as Commissioner he should be monitoring EMCF to make sure they uphold MDOC policies. Plaintiff admitted at the omnibus hearing conducted by the Court that Commissioner Epps had no personal involvement in his complaints.

## II. Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

### III.  Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 28 (1988).  There is no liability under section 1983 under a theory of *respondeat superior*.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978).  It is well-settled that "there is no vicarious or respondeat superior liability of supervisors under § 1983."  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 425 (5th Cir. 2006); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676, citing *Monell*, 436 U.S. at 677 (the term "supervisory liability" is a "misnomer").  Each government-official defendant, through the official's own individual actions, must have violated the Constitution; they are not held accountable for the misdeeds of their agents.  *Id.* at 1948-49.  Absent vicarious liability, each Government official is liable for his or her own misconduct.  *Id. See also Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) (citing *Iqbal* at 677*).*

Fifth Circuit precedent requires either *personal involvement by an individual Defendant* in the alleged violation, or the *enforcement of some policy or practice resulting in the constitutional deprivation.  Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (emphasis added); *Stewart v. Murphy*, 174 F.3d 530, 536-37 (5th Cir. 1999); *Alton v. Texas A & M University,* 168 F.3d 196, 200 (5th Cir. 1999).  Any claims against Epps in his individual capacity must be based on "direct acts or

omissions ... not the acts of subordinates." *Coleman v. Houston Indep. School Dist.,* 113 F.3d 528, 534 (5th Cir. 1997).

In this case, Plaintiff claims it was Epps's responsibility in his capacity as Commissioner to monitor EMCF and make certain that it was upholding MDOC policies. Yet, the failure to follow policies does not create a constitutional claim, as "a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process." *Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Without more, Plaintiff fails to allege sufficient facts to state a claim against Commissioner Epps. The Fifth Circuit has held that a prisoner has no federally protected liberty interest in having his prison grievances investigated or answered favorably; Epps is not liable for any failure of the ARP process to provide the result Plaintiff may desire. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Plaintiff does not suggest that Epps was personally aware that he was not being provided with enough food, or that he was not taken to a specialist or given the medical care he requested or needed, or that he was not provided with toiletries. He simply charges that Epps *should have known—* had he been appropriately monitoring EMCF. Without more, Plaintiff's allegations failed to establish that Epps was personally involved in any constitutional violation against him. Supervisory liability under §1983 cannot attach where the allegation of liability is based upon a mere failure to act; instead, any liability must be based upon active unconstitutional behavior. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989). The Court finds that although

4

Commissioner Epps would be immune from suit under these circumstances, Plaintiff has also failed to state a constitutional claim against Epps.

## IV. Conclusion

For the foregoing reasons, Defendant Epps's Motion to Dismiss is **granted,** and all claims against Epps in his individual or his official capacity are hereby dismissed.

SO ORDERED AND ADJUDGED, this the 3rd day of April 2013.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE